UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARREN F. MILLER**  CIVIL ACTION

**VERSUS**  NO. 08-5200

**SHERIFF M. GUSMAN, ET AL.**  SECTION: "M"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Darren Miller, a prisoner incarcerated in Orleans Parish Prison ("OPP"), filed this *pro se* and *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against Orleans Parish Criminal Sheriff Marlin Gusman and the Federal Emergency Management Agency ("FEMA"). Plaintiff complains about the "living conditions" at OPP, stating that he does not believe that Sheriff Gusman, as the "keeper" of OPP, and FEMA, as the "investor" of OPP, are "doing their fullest to insure the best of health conditions".

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Broadly reading plaintiff's complaint,[1] the Court finds that plaintiff's complaint should be dismissed for failing state a claim on which relief may be granted.[2]

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Further, the United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Exhaustion is *mandatory* in cases covered by § 1997e(a). Porter, 534 U.S. at 524.

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated on other grounds by* Carbe v. Lappin, No. 06-40192, 2007 WL 1934882, at *1 (5th Cir. July 5, 2007). Plaintiff filed this lawsuit *in forma pauperis*.

On the face of the complaint, plaintiff expressly states that OPP has a prison grievance procedure. He further concedes that he did not present the facts relating to the instant complaint to prison officials via the prison grievance procedure. Instead, plaintiff provides that a "legal advisor" instructed him to "fill out" a § 1983 form.[3]

---

[3] Complaint, p. 2.

By his own admission, plaintiff did not commence, much less exhaust, his prison administrative remedies before proceeding to this court in pursuit of § 1983 relief. To allow him to proceed in this manner would undermine the congressional intent of § 1997e(a). The United States Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted). Accordingly, the instant complaint should be dismissed based on plaintiff's failure to exhaust.

The Court specifically notes that Jones v. Bock, 549 U.S. 199 (2007), does not dictate a different result. In Jones, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 218. The United States Fifth Circuit Court of Appeals has specifically held: "Under Jones, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." Carbe v. Lappin, No. 06-40192, 2007 WL 1934882, at *1 (5th Cir. July 5, 2007); see also Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 07-2891 "B"(1), 2007 WL 1702780, at *4 (E.D. La. June 11, 2007).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifteenth day of January, 2009.

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**